J. S08025/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARK ARRINGTON, | : | No. 809 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 20, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002157-2015

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 17, 2017**

Mark Arrington appeals from the April 20, 2016 judgment of sentence after he pled[1] guilty to one count of interference with custody of children and one count of indecent assault.[2]  The trial court sentenced him to a term of 16 to 84 months' imprisonment for interference with custody of children and to a concurrent term of 16 to 60 months' imprisonment for indecent assault. Emily M. Merski, assistant public defender for Erie County, has filed a

---

[1] In exchange for his plea, the Commonwealth dropped charges of indecent exposure and corruption of minors, 18 Pa.C.S.A. §§ 3127(a) and 6301(a)(1)(i), respectively.

[2] 18 Pa.C.S.A. §§ 2904(a) and 3126(a)(7), respectively.

petition to withdraw, alleging that the appeal is frivolous, accompanied by an

**Anders** brief.[3]

The record reflects that on May 1, 2015, appellant picked up an eight-year-old girl at a park and gave her a ride in his automobile without her parent's knowledge or permission. At some point while the child was in his car, he kissed her on the lips. (Notes of testimony, 1/6/16 at 13.)

On April 20, 2016, the trial court imposed the sentence on appellant. Appellant then filed a motion for reconsideration/modification of sentence which the trial court denied on May 5, 2016.

Appellant contends that his sentence was "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code." (Appellant's brief at 3.)

On November 16, 2016, Attorney Merski filed in this court a petition to withdraw as counsel and an **Anders** brief, wherein Attorney Merski states that there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a

---

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise additional points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record;

- 3 -

> (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Merski's application to withdraw, supporting documentation, and *Anders* brief reveals that she has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the

letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Merski has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

Appellant contends that his sentence was manifestly excessive, clearly unreasonable, and inconsistent with the objectives of Section 9721(b) of the Sentencing Code, 42 Pa.C.S.A. § 9721(b). Further, appellant asserts that the trial court abused its discretion when it sentenced appellant to such a lengthy period of incarceration given the mitigating factors of the case. Appellant argued before the trial court that he was not a sexually violent predator, he had no similar prior offense, he had completed a drug and alcohol program during his incarceration, he was 33 years old, he was married, and his main problem was his alcoholism.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, the record reveals that appellant filed a timely notice of appeal and preserved his issues in his post-sentence motion. (**See** "Motion for Reconsideration/Modification of Sentence," 4/29/16.) Appellant also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (**See Anders** brief at 4-5.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), **appeal denied**, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012), ***appeal denied***, 63 A.3d 774 (Pa. 2013) (citation omitted).

Upon review, we find that appellant has failed to raise a substantial question that his sentence is not appropriate under the Sentencing Code. The trial court imposed a standard range sentence within the guidelines after reviewing a pre-sentence investigation report. Where the sentencing court issues a standard range sentence after reviewing a pre-sentence report, this court will not find a sentence excessive. ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010). Further, this court has held that a claim of an excessive sentence when a standard range sentence is imposed fails to raise a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014). Likewise, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (citation omitted); ***see also Moury***, 992 A.2d at 171 (stating that an "allegation that [the] sentencing court failed to consider or did not adequately consider certain factors generally does not raise a substantial question." (citation and internal quotation marks omitted)).

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that appellant is entitled to no relief on his

discretionary aspects of sentencing claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant counsel's petition to withdraw and affirm the April 20, 2016 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017